# EXHIBIT B
**Complaint**

Electronically Filed
10/12/2016 10:32:44 AM

CLERK OF THE COURT

1  **ACOM**
JARED R. RICHARDS, ESQ
2  Nevada Bar No. 11254
ADAM ANDERSON, ESQ.
3  Nevada Bar No. 13062
4  CLEAR COUNSEL LAW GROUP
50 S. Stephanie St., Ste. 101
5  Henderson, NV 89012
Telephone: (702) 476-5900
6  Facsimile: (702) 924-0709
7  jared@clearcounsel.com
adam@clearcounsel.com
8  *Attorneys for Plaintiff Gaylon Potter*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| GAYLON POTTER, an individual, | CASE NO.: A-16-744289-C |
| Plaintiff, | DEPT. NO.: XXIV |
| vs. | |
| WAL-MART STORES INC., a foreign corporation; WAL-MART REALTY COMPANY, a foreign corporation; DOES I through XV, and ROE CORPORATIONS I through X, inclusive, | **AMENDED COMPLAINT** |
| Defendants. | |

COMES NOW, Plaintiff, GAYLON POTTER, by and through her attorneys of record, the law firm of CLEAR COUNSEL LAW GROUP, and hereby complains against Defendants, WAL-MART STORES INC., and WAL-MART REALTY COMPANY, as follows:

### GENERAL ALLEGATIONS

1. At all times herein mentioned, Plaintiff, GAYLON POTTER ("Potter") is and was a resident of the County of Clark, State of Nevada.

2. At all times herein mentioned, Defendant, WAL-MART STORES INC., is and was a foreign business entity licensed and doing business in the County of Clark, State of Nevada.

3. At all times herein mentioned, Defendant, WAL-MART REALTY COMPANY, is and was a foreign business entity licensed and doing business in the County of Clark, State of Nevada.

4. WAL-MART STORES INC. and WAL-MART REALTY, are hereinafter defined as the "Wal-Mart Defendants."

5. The true names or capacities, whether individual, corporate, association or otherwise, of Defendants DOES I through XV, and ROE CORPORATIONS I through X, are unknown to Potter, who therefore sues said Defendants by such fictitious names: Potter is informed and believes and therefore alleges that each of the Defendants designated herein as DOE and ROE CORPORATIONS are the architects, designers, contractors, maintainers, owners, managers, inspectors, supervisors, lessors, lessees and controllers of the premises and common areas generally known as WAL-MART, Store #3350, located at 5198 Boulder Highway, Las Vegas, Nevada 89122 who negligently failed to design, construct, control, supervise, repair and maintain the premises and further failed to warn. DOES I through XV, and ROE CORPORATIONS I through X are responsible in some manner for the events and happenings referred to and caused damages proximately to Potter as herein alleged, and that Potter will ask leave of this Court to amend her Complaint, to insert the true names and capacities of DOES I through XV, and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendants in this action.

6. Potter is informed and believes that DOE individuals, I through V, are agents, employees and/or assigns of Defendants designated as ROE CORPORATIONS I through X, who by their action or omission caused or contributed to the incident which resulted Potter's injuries. Potter is informed and believes that DOE individuals, VI through X, are owners, operators, lessors, lessees, or individuals otherwise within possession and control of the location herein alleged, who maintain the location herein alleged, who by their actions or omission caused or contributed to the incident which resulted Potter's injuries. Potter is informed and believes that DOE individuals, XI through XV, are individuals otherwise interacting with, designing, approving, repairing, constructing, creating, altering, supervising, or maintaining the location related hereto, who by their actions or omission caused or contributed to the incident which resulted Potter's injuries.

- 2 -

7. Potter is informed and believes that ROE CORPORATIONS I through V are owners, lessors, lessees, users, and/or maintainers of the location herein alleged, and/or are in some manner responsible for the actions and omissions of their employees, agents, assigns, lessees and/or predecessors or successors in interest related hereto. Potter is informed and believes that ROE CORPORATIONS VI through X are insurers of Potter and/or Wal-Mart Defendants and/or parties herein alleged and provided insurance to include, but not limited to, errors and omissions coverage, umbrella coverage, corporate liability coverage, general liability coverage, and/or other for Potter and/or Wal-Mart Defendants and/or any party hereto of DOE or ROE.

8. Potter is informed and believes that at all relevant times each of the Wal-Mart Defendants - including DOES I through XV and ROE CORPORATIONS I through X, inclusive - was the agent, servant, representative, partner or employee of each of the Wal-Mart Defendants, and, in doing the things alleged in this Complaint, were acting within the course and scope of their authority as such agents, servants, representatives, partners, or employees of each of the Wal-Mart Defendants.

## POTTER'S FALL AND INJURIES

9. On or about October 19, 2014 (the "Incident Date"), Potter was shopping at the Wal-Mart Defendants' Wal-Mart Store #3350, located at 5198 Boulder Highway, Las Vegas, Nevada 89122.

10. As she was returning to her car after completing her shopping, Ms. Potter stepped into a latent pothole, approximately two inches deep, in the Wal-Mart Store #3350 parking lot.

11. After stepping into the pothole, Ms. Potter fell and violently hit her knee (the "Fall").

12. Potter suffered a torn meniscus that required surgical intervention to repair due to the Fall.

13. Potter suffered back injury as a result of the Fall.

14. Potter suffered from, and continues to suffer from numbness in her legs as a result of the Fall.

15. Potter's knee injury due to the Fall causes her substantial pain and discomfort to this date, resulting in a reduced lifestyle.

- 3 -

16. At all times relevant hereto, Wal-Mart Defendants were the property owners, lessors, tenants, lessees, designers, architects, contractors, maintainers, managers, inspectors, supervisors, or controllers of the premises and common areas generally known as Wal-Mart Store #3350.

17. Wal-Mart Defendants negligently failed to design, construct, control, supervise, repair, and maintain the premises and further failed to warn Potter of the unreasonably dangerous condition.

18. Wal-Mart Defendants and/or Wal-Mart Defendants' agents and employees knew or reasonably should have known of the dangerous condition on the premises.

19. As a direct and proximate result of the Wal-Mart Defendants' breach of their duty to properly maintain the parking lot, Potter suffered serious physical injuries and has been required to engage the services of physicians to care for and treat her.

20. Potter has suffered damages in excess of $10,000.00.

21. Potter has been required to retain the law firm of Clear Counsel Law Group to prosecute this action, and is entitled to reasonable attorney fees.

## FIRST CAUSE OF ACTION
## (NEGLIGENCE)

22. Potter repeats and realleges each and every allegation contained in all prior paragraphs, and incorporates the same herein by reference.

23. Wal-Mart Defendants had a duty to patrons, invitees and visitors of Wal-Mart Store #3350 to make the premises reasonably safe and to warn of known hazardous conditions.

24. Wal-Mart Defendants breached their duties to Potter by failing to maintain public areas on its property free and clear of hazardous conditions, by failing to promptly correct hazardous conditions which they knew, or reasonably should have known, existed on the property, and by failing to warn of hazardous conditions of which they knew or reasonably should have known existed on the property.

25. As a direct and proximate result of Wal-Mart Defendants' breach of their duty to properly maintain the premises and to warn of hazardous conditions, Potter suffered and continues to suffer from physical injuries and has been required to engage the services of physicians to care for and treat her.

- 4 -

26. As a direct and proximate result of the negligence, carelessness, recklessness, wanton disregard and willfulness of the Wal-Mart Defendants, Potter suffered and continues to suffer from personal injuries to the body, including, but not limited to: torn meniscus which required surgical repair, back injury, numbness in her legs. She was injured in her health, strength and activity, sustaining shock and injury to her body, nervous system, and person, all of which caused and will continue to cause physical, mental, and nervous pain and suffering.

27. Potter has suffered damages in excess of $10,000.00.

28. Potter has been required to retain the services of the law firm of Clear Counsel Law Group to prosecute this action and is entitled to reasonable attorney fees and costs.

## SECOND CAUSE OF ACTION

## (NEGLIGENCE PER SE)

29. Potter repeats and realleges each and every allegation contained in all prior paragraphs, and incorporates the same herein by reference.

30. Wal-Mart Defendants' actions were in direct violation of various Nevada Revised Statutes; therefore, Wal-Mart Defendants' actions constitute Negligence Per Se.

31. Such NRS provisions were enacted to protect invitees and licensees from defective or hazardous conditions on the premises, which the Wal-Mart Defendants knew or reasonably should have known existed.

32. As a direct and proximate result of the negligence, carelessness, recklessness, wanton disregard and willfulness of the Wal-Mart Defendants, Potter suffered and continues to suffer from severe and serious personal injuries to the body, including but not limited to: torn meniscus which required surgical repair, back injury, numbness in her legs, She was injured in her health, strength and activity, sustaining shock and injury to her body, nervous system, and person, all of which caused and will continue to cause physical, mental, and nervous pain and suffering.

33. As a result of said injuries, Potter has been required to engage the services of physicians to care for and treat her; and Potter is entitled to reimbursement for the bills incurred for medical treatment and therapy for the injuries that have caused Potter pain and suffering.

34. Potter has suffered damages in excess of $10,000.00.

35. Potter has been required to retain the services of the law firm of Clear Counsel Law Group to prosecute this action and is entitled to reasonable attorney fees and costs.

### THIRD CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

36. Potter repeats and realleges each and every allegation contained in all prior paragraphs, and incorporates the same herein by reference.

37. At all times mentioned above the agents and/or employees referred to herein were actively employed by the Wal-Mart Defendants.

38. Wal-Mart Defendants' agents and/or employees were directly responsible for the construction, maintenance, evaluation, inspection, creation, design, supervision or control, of the hazardous condition on the premises of Wal-Mart Store #3350, which caused Potter to sustain serious personal injuries.

39. All above described conduct by the Wal-Mart Defendants' agents, and/or employees took place while performing duties within the scope of their employment relationship with Wal-Mart Defendants and therefore Wal-Mart Defendants, are responsible for all damages to Potter under the doctrine of Respondeat Superior.

40. As a direct and proximate result of the actions of the Wal-Mart Defendants' agents, and/or employees, Potter suffered and continues to suffer from physical injuries including, but not limited to: torn meniscus which required surgical repair, back injury, numbness in her legs. She was injured in her health, strength and activity, sustaining shock and injury to her body, nervous system, and person, all of which caused and will continue to cause physical, mental, and nervous pain and suffering.

41. As a direct and proximate result of the actions of Wal-Mart Defendants' agents, and/or employees, Potter suffered physical injuries, and has been required to engage the services of physicians to care for and treat her; that said injuries have caused Potter severe pain and suffering.

42. Potter has suffered damages in excess of $10,000.00.

43. Potter has been required to retain the services of the law firm of Clear Counsel Law Group, to prosecute this action and is entitled to reasonable attorney fees.

### FOURTH CAUSE OF ACTION

### (NEGLIGENT FAILURE TO WARN)

44. Potter repeats and realleges each and every allegation contained in all prior paragraphs, and incorporates the same herein by reference.

45. Wal-Mart Defendants negligently left the hazardous condition of a pothole in the parking lot on the premises of Wal-Mart Store #3350, and that such action constituted a hazardous condition.

46. Wal-Mart Defendants had a duty to warn invitees and licensees on the premises of Wal-Mart Store #3350 of the existence of a hazardous condition on the premises.

47. Wal-Mart Defendants breached their duty to invitees and licensees on the premises of Wal-Mart Store #3350 by failing to warn individuals of the existence of a pothole in the parking lot which constituted the hazardous condition on the premises.

48. As a direct and proximate result of the negligence, carelessness, recklessness, wanton disregard and willfulness of the Wal-Mart Defendants, Potter suffered and continues to suffer from severe and serious personal injuries to the body, including but not limited to: torn meniscus which required surgical repair, back injury, numbness in her legs. She was injured in her health, strength and activity, sustaining shock and injury to her body, nervous system, and person, all of which caused and will continue to cause physical, mental, and nervous pain and suffering.

49. As a result of said injuries, Potter has been required to engage the services of physicians to care for and treat her; and Potter is entitled to reimbursement for the bills incurred for medical treatment and therapy related to the injuries that caused Potter pain and suffering.

50. Potter has suffered damages in excess of $10,000.00.

51. Potter has been required to retain the services of the law firm of Clear Counsel Law Group to prosecute this action and is entitled to reasonable attorney's fees and costs.

### FIFTH CAUSE OF ACTION

### (NEGLIGENT HIRING, SUPERVISION AND TRAINING)

52. Potter repeats and realleges each and every allegation contained in all prior paragraphs, and incorporates the same herein by reference.

53. Wal-Mart Defendants had a duty to protect Potter from harm resulting from its employees, or agents.

54. Wal-Mart Defendants had a duty to properly train their employees to prevent injuries to patrons, invitees, and licensees caused by hazardous conditions on the Wal-Mart Store #3350 premises.

55. Wal-Mart Defendants breached their duty by failing to properly train their employees to prevent injuries to patrons, invitees and licensees on the premises of Wal-Mart Store #3350.

56. As a direct and proximate result of the negligence, carelessness, recklessness, wanton disregard and willfulness of Wal-Mart Defendants to properly train employees, Potter suffered and continues to suffer from severe and serious personal injuries to the body, including but not limited to: torn meniscus which required surgical repair, back injury, numbness in her legs. She was injured in her health, strength and activity, sustaining shock and injury to her body, nervous system, and person, all of which caused and will continue to cause physical, mental, and nervous pain and suffering.

57. As a result of said injuries, Potter has been required to engage the services of physicians to care for and treat her; and that Potter is entitled to reimbursement for the bills incurred for medical treatment and therapy for the injuries that have caused Potter pain and suffering.

58. Potter has suffered damages in excess of $10,000.00.

59. Potter has been required to retain the services of the law firm of Clear Counsel Law Group to prosecute this action and is entitled to reasonable attorney fees and costs.

## PRAYER

WHEREFORE, Potter expressly reserves her right to amend her Complaint at the time of trial of the action herein to include all items of damages not yet ascertained, and hereby demands judgment against Defendants, Wal-Mart Stores, Inc., Wal-Mart Realty Company, Does I through XV, and Roe Corporations I through X, and each of them as follows:

1. General damages in an amount in excess of $10,000.00;
2. Special damages in an amount in excess of $10,000.00;
3. Punitive damages, if applicable;
4. Costs of suit;
5. Attorney's fees;
6. For interest at the legal rate;

7. For such other and further relief as to the Court may deem just and proper.

DATED this \_\_11th\_\_ day of October, 2016.

          CLEAR COUNSEL LAW GROUP

          */s/ Jared R. Richards*

          JARED R. RICHARDS, ESQ.
          Nevada State Bar No. 11254
          ADAM ANDERSON, ESQ.
          Nevada State Bar No. 13062
          CLEAR COUNSEL LAW GROUP
          50 S. Stephanie Street, Suite 101
          Henderson, NV 89012
          *Attorneys for Plaintiff Gaylon Potter*